UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
JOHN S. KAMINSKI              :   Civ. No. 3:21CV01347(SALM)
                              :
v.                            :
                              :
STATE OF CONNECTICUT, ANGEL   :
QUIROS, and DR. ANDREW        :
AGWUNOBI                      :   January 13, 2022
                              :
------------------------------x
```

## INITIAL REVIEW ORDER

Self-represented plaintiff John S. Kaminski ("plaintiff") brings this action against three defendants: The State of Connecticut; Angel Quiros, as Commissioner of the Connecticut Department of Correction ("DOC"); and Dr. Andrew Agwunobi, as CEO of the UConn Health Center ("UCHC"). See Doc. #1 at 1. Plaintiff has been granted leave to proceed in forma pauperis. See Doc. #9.

Plaintiff is a sentenced prisoner in the custody of DOC.[1] He appears to bring his claims pursuant to 42 U.S.C. §1983, the

---

[1] The Court may take judicial notice of matters of public record. See, e.g., Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); United States v. Rivera, 466 F. Supp. 3d 310, 313 (D. Conn. 2020) (taking judicial notice of BOP inmate location information); Ligon v. Doherty, 208 F. Supp. 2d 384, 386 (E.D.N.Y. 2002) (taking judicial notice of state prison website inmate location information). The Court takes judicial notice of the Connecticut DOC website, which reflects that plaintiff was sentenced on April 11, 2006, to a term of imprisonment that has not yet expired. See

1

Eighth Amendment, and 42 U.S.C. §1997, alleging "medical abusive exploitation and failed surgeries and devices, ... the topic is also the damage done during one of the surgeries[.]" Doc. #1 at 2. The Complaint is 26 pages long, with over 40 pages of attachments. Plaintiff has also filed an "Addendum" to his Complaint, which is 24 pages long. See Doc. #11. The attachments to both submissions appear to consist largely of documents previously submitted in an ongoing matter in Connecticut Superior Court, Judicial District of Tolland, under docket number 21-5001022-S. See, e.g., Doc. #1 at 47.

I. **STANDARD OF REVIEW**

Pursuant to 28 U.S.C. §1915A, this Court is required to review any civil complaint filed by a prisoner and must dismiss any portion of the complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

"While the Court construes complaints filed by self-represented plaintiffs liberally, the deference usually granted to pro se plaintiffs need not be expansively drawn where the plaintiff has extensive litigation experience, as this plaintiff does." Whitnum v. Off. of the Chief State's Att'y, No.

---

http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=241124 (last visited Jan. 10, 2022).

3:18CV01991(JCH)(SALM), 2019 WL 9364156, at *2 (D. Conn. Nov. 15, 2019), report and recommendation adopted, 2020 WL 3978774 (D. Conn. Feb. 20, 2020), aff'd, 836 F. App'x 75 (2d Cir. 2021) (citations and quotation marks omitted).[2] Although detailed allegations are not required, a complaint must include sufficient facts to afford a defendant fair notice of the claims and demonstrate a right to relief. See Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Conclusory allegations are not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

If a complaint filed by a self-represented party is dismissed, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim[,]" the Court will generally permit "a pro se plaintiff who is proceeding in forma pauperis" to file an amended complaint that attempts to state a claim upon which relief may be granted. Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999).

---

[2] Plaintiff has filed five civil actions and a habeas petition in this Court as a self-represented party. He has also filed at least ten self-represented civil actions in the Connecticut Superior Court in the last ten years.

## II. DISCUSSION

### A. 42 U.S.C. §1997

Plaintiff lists 42 U.S.C. §1997, the Civil Rights of Incarcerated Persons Act, as one of the bases for his claims. See Doc. #1 at 4, 11. However, §1997 does not create a private right of action. See Mason v. Besse, No. 3:20CV00246(KAD), 2020 WL 2523506, at *4 (D. Conn. May 18, 2020) (collecting cases). Accordingly, to the extent plaintiff asserts claims pursuant to §1997, any such claims are **DISMISSED, with prejudice.**

### B. 42 U.S.C. §1983

Plaintiff's other asserted vehicle for his claims is 42 U.S.C. §1983, and he brings, pursuant to this statute, a claim for violation of his Eighth Amendment rights. See Doc. #1 at 4, 11; see also Doc. #11 at 1 ("This complaint was clearly identified as an 8th Amendment issue[.]"). Plaintiff has named as defendants the State of Connecticut and the Commissioners of two state agencies. He does not indicate whether he brings suit against the Commissioners in their individual or official capacities.

#### 1. State of Connecticut

Plaintiff purports to bring §1983 claims against the State of Connecticut. "[N]either a state nor any of its agencies is a 'person' under §1983." Rzayeva v. United States, 492 F. Supp. 2d 60, 73 (D. Conn. 2007). "The Supreme Court has clearly stated

that §1983 'creates no remedy against a State.'" Id. (quoting Arizonans for Official English v. Ariz., 520 U.S. 43, 69 (1997). Accordingly, all §1983 claims against the State of Connecticut are **DISMISSED, with prejudice.**

### 2. Eleventh Amendment Immunity

The State of Connecticut, its agencies, and its employees in their official capacities, are immune from suit for money damages under the Eleventh Amendment.[3] Defendants Quiros and Agwunobi are alleged to be employees of the State of Connecticut. "[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." Kentucky v. Graham, 473 U.S. 159, 169 (1985). "Section 1983 does not abrogate state sovereign immunity, and [plaintiff] has alleged no facts suggesting that Connecticut has waived this immunity." Mayo v. Doe, No. 3:19CV00781(VAB), 2020 WL 4818360 (D. Conn. Aug. 17, 2020) (citation omitted). Accordingly, any claims for damages against defendants Quiros and Agwunobi in their official capacities are **DISMISSED, with prejudice.**

---

[3] Plaintiff indicates that he is not currently pursuing money damages, but may seek to do so in the future. See Doc. #1 at 23.

**3.  Personal Involvement**

To the extent plaintiff sues defendants Quiros and Agwunobi under §1983 in their individual capacities, he has failed to allege the personal involvement of either individual.

When bringing a claim pursuant to §1983, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" Tangreti v. Bachmann, 983 F.3d 609, 618 (2d Cir. 2020) (quoting Iqbal, 556 U.S. at 676). An alleged constitutional "violation must be established against the supervisory official directly[]" and cannot be based on supervisory liability. Id. In other words, a supervisory official is not personally involved in the violation of a plaintiff's constitutional rights simply "by reason of [the official's] supervision of others who committed the violation." Id. at 619.

Plaintiff has not alleged that either Quiros or Agwunobi had any personal involvement in his treatment or lack thereof. Accordingly, any claims against defendants Quiros and Agwunobi in their individual capacities are **DISMISSED, without prejudice**, for failure to allege personal involvement.

**4.  Prospective Injunctive Relief**

Plaintiff's Complaint includes a section headed "RELIEF SOUGHT[]" but that section includes a great deal of argument an

6

accusation, and little actual discussion of relief sought. Doc. #1 at 19. However, the Court construes the Complaint as seeking injunctive relief in three ways: (1) appointment, at the State's expanse, of a "'non-state affiliated advocate' to insure that the PLAINTIFF is seen by an independent Neurosurgeon" who will review all of plaintiff's medical information, Doc. #1 at 19; (2) an Order that "any future medical care that is determined necessary by the" advocate be completed at an outside facility, id.; and (3) appointment by this Court of an "Advocate" who would conduct an investigation into the involvement of "medical equipment providers[]" with UCHC and DOC. Id. The remaining items listed under "relief sought" do not in fact seek concrete relief from the Court. See id. at 19-20.

### C. Rule 8 of the Federal Rules of Civil Procedure

The Complaint does not contain a "short and plain statement of the claim" as required by Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a). The allegations are far from being "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The Complaint also lacks a plain statement of the relief sought, which is required by Rule 8. See Fed. R. Civ. P. 8(a). These requirements are important "because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable

him to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

Kaminski's 68-page Complaint and 24-page "Addendum" are comprised of a mix of rambling allegations and lengthy attachments related to his State Court habeas petition filings. He alleges in conclusory terms that he was the subject of experimental procedures performed without his consent during a period between 2013 and 2016 for his spinal issues and corrections of "surgical blunders;" and that due to incompetent surgical failures, he now requires a minimum of two more corrective surgeries. See Doc. #1, at 11-13. Kaminski asserts that the exhibits attached to his complaint validate his claim of "deliberate exploitation" by the "Medical Facility" and an "arrangement" between DOC and Correctional Managed Health Care. Id. at 16.

The claims in plaintiff's submissions are far-reaching, including: that Connecticut Managed Health Care was a "revenue filtering shell company ... set up for the convenience of UCHC and D.O.C. through which it funneled over $125 million in its last year of operations," Doc. #1 at 11; that the State has created a position "designed to [successfully] circumvent the protections of HIPAA," id. at 21; and that he was refused vitamins (and hydroxycloroquin) by a provider who "made her 'holistic' approach to medical care very clear, while trying to

8

coerce/cajole him into taking the [flu] virus shot." Id. at 36. It appears that the medical treatment complained of occurred in or before 2016. See id. at 10 (reporting that the alleged "medical negligence/malpractice" occurred in connection with surgeries in 2012, 2013, 2014 and 2016).

The Rule 8 requirements serve to relieve the Court and defendants of the "unjustified burden" of having "to select the relevant material from a mass of verbiage." Celli v. Cole, 699 F. App'x 88, 89 (2d Cir. 2017) (quoting Salahuddin, 861 F.2d at 42). Neither the Court nor defendants should be asked to attempt to discern from the allegations and exhibits provided what exactly Kaminski is alleging, and under what legal theories he brings his claims. Construing the Complaint as asserting Eighth Amendment claims of deliberate indifference to serious medical needs, it is impossible to determine the precise nature of plaintiff's factual assertions. The attachments do not resolve this problem. See, e.g., Whitfield v. Johnson, No. 18CV01232(WFK)(LB), 2019 WL 6712093, at *1 (E.D.N.Y. Mar. 29, 2019) ("Although Whitfield may attach documents as exhibits to his amended complaint, reference to exhibits alone cannot substitute for the required statement of claim pursuant to Rule 8.").

Dismissal of a complaint under Rule 8 is appropriate where "the complaint is so confused, ambiguous, vague, or otherwise

unintelligible that its true substance, if any, is well disguised." Salahuddin, 861 F.2d at 42.

For all of these reasons, even if this plaintiff were entitled to the special solicitude afforded to self-represented parties, dismissal of the Complaint would be warranted under Rule 8.

### III. **CONCLUSION**

The Court finds that dismissal of this matter, in its entirety, is required under 28 U.S.C. §1915A.

The Court will grant plaintiff **one** opportunity to propose an Amended Complaint.

If Kaminski wishes to propose an Amended Complaint, he shall draft such an Amended Complaint and file it with the Court on or before **February 3, 2022.** The Court will then review the proposed Amended Complaint to determine whether it may proceed to service as to any defendant.

If plaintiff decides to amend his complaint, he must not assert any claims that have been dismissed **with prejudice** by the Court.

Any Amended Complaint must clearly indicate the claims plaintiff brings, and the basis in law for such claims. Plaintiff may not simply provide a narrative discussion of his experiences with medical care as an inmate, and demand that the Court take action.

After clearly identifying the causes of action brought, any Amended Complaint must make nonconclusory allegations that clearly set forth the facts underlying each of his claims for relief against each defendant. The factual allegations should be limited to facts, and set forth in logical, separate paragraphs.

If Kaminski seeks injunctive relief against any defendant in his or her official capacity, any Amended Complaint must allege an ongoing constitutional violation. See Va. Office for Prot. & Advocacy v. Stewart, 563 U.S. 247, 254-55 (2011) (citing Ex parte Young, 209 U.S. 123 (1908)). Any claim for injunctive relief must also demonstrate that the defendant from whom the relief is sought actually has the authority to remedy the alleged ongoing constitutional violation. See Scozzari v. Santiago, No. 3:19CV00229(JAM), 2019 WL 1921858, at *6 (D. Conn. Apr. 29, 2019).

The Court notes that Kaminski appears to be aware that, because his claims of inadequate medical treatment relate to events between 2013 through 2016, such claims may be time-barred. See Doc. #1 at 10. Claims brought pursuant to §1983 are subject to the three-year limitations period of Connecticut General Statutes §52-577. See Lounsbury v. Jeffries, 25 F.3d 131, 133-34 (2d Cir. 1994). The Second Circuit has held that §1983 actions accrue "when the plaintiff knows or has reason to know of the injury which is the basis of his action." Hogan v.

11

Fischer, 738 F.3d 509, 518 (2d Cir. 2013) (citation and quotation marks omitted). The Complaint was filed October 12, 2021; thus, any claims that accrued before October 12, 2018 may be time-barred. Any Amended Complaint must address this concern.

If plaintiff changes his address at any time during the litigation of this case, he **MUST** file a Notice of Change of Address with the Court. **Failure to do so may result in the dismissal of the case.** Plaintiff must give notice of a new address even if he remains incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put a new address on a letter or filing without indicating that it is a new address. He should also notify the defendants or defense counsel of his new address.

It is so ordered this 13th day of January, 2022, at New Haven, Connecticut.

```
      /s/
HON. SARAH A. L. MERRIAM
UNITED STATES DISTRICT JUDGE
```