UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
JOHN S. KAMINSKI              :    Civ. No. 3:21CV01347(SALM)
                              :
v.                            :
                              :
STATE OF CONNECTICUT, et al.  :    August 16, 2022
                              :
------------------------------x
```

### RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. #56)

Self-represented plaintiff John S. Kaminski ("plaintiff"), a sentenced inmate housed at MacDougall-Walker Correctional Institution,[1] brings this action relating to events occurring during his incarceration in the custody of the Connecticut Department of Correction ("DOC"). Plaintiff moves for reconsideration of the Court's orders denying him leave to proceed in forma pauperis ("IFP"), see Doc. #33, and finding that he does not qualify for the imminent danger exception to the "three strikes" rule, see Doc. #48. For the reasons set forth herein, the motion to reconsider is **DENIED**.

---

[1] The Court may take judicial notice of matters of public record. See, e.g., Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); United States v. Rivera, 466 F. Supp. 3d 310, 313 (D. Conn. 2020) (taking judicial notice of BOP inmate location information). The Court takes judicial notice of the Connecticut DOC website, which reflects that plaintiff was sentenced on April 11, 2006, to a term of imprisonment that has not yet expired. See http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=241124 (last visited August 16, 2022).

1

I.  **Procedural Background**

Plaintiff filed the original Complaint in this action, together with a motion for leave to proceed IFP, on October 12, 2021. See Doc. #1, Doc. #2. The IFP motion was granted on November 1, 2021, and this matter proceeded accordingly. See Doc. #9. On January 4, 2022, this matter was transferred to the undersigned. See Doc. #12.

On March 24, 2022, defendants moved to revoke plaintiff's IFP status, asserting that plaintiff is not eligible to proceed IFP because he is barred by the so-called "three strikes rule" of 28 U.S.C. §1915(g). See Doc. #22 at 1. Plaintiff filed multiple responses to defendants' motion. See Docs. #27, #28, #29. On April 29, 2022, the Court granted defendants' motion to revoke plaintiff's IFP status, finding that he was indeed subject to the three strikes rule. See Doc. #33. However, the Court construed plaintiff's responses to the motion to revoke IFP status "as a motion for leave to proceed IFP pursuant to the 'imminent danger' exception to the three-strikes rule[,]" id. at 6, and ordered defendants to respond to that claim.

On May 17, 2022, defendants filed a response arguing that "Plaintiff is not 'under imminent danger of serious physical injury' and that he should not be permitted to proceed IFP on such basis." Doc. #37 at 4 (quoting 28 U.S.C. §1915(g)). On May 24, 2022, plaintiff filed a supplemental memorandum in further

support of his contention that he qualifies for the exception. See Doc. #40. On July 18, 2022, the Court ruled on the issue, finding: "[P]laintiff does not qualify for the 'imminent danger' exception to the 'three strikes' rule. Accordingly, plaintiff is not eligible to proceed IFP. If plaintiff wishes to pursue this matter, he must pay the full filing fee of **$402.00**[.]" Doc. #49 at 9 (citations omitted).

On July 25, 2022, plaintiff filed a submission that appeared to propose that plaintiff pay the filing fee in installments. See Doc. #52. In response, the Court reiterated that "plaintiff is required to prepay the entire $402.00 filing fee if he wishes to proceed with this action." Doc. #53.

On July 28, 2022, plaintiff filed a submission that appeared to be another request to pay the filing fee in installments, or a request for assistance with the logistics of making payment. See Doc. #54. The Court informed plaintiff that he was required to "make the arrangements to pay the filing fee." Doc. #55.

On August 2, 2022, plaintiff filed the instant motion to reconsider. See Doc. #56.

## II. Discussion

Plaintiff's motion is entitled: "Motion to Request Reconsideration of Order (Closing of Case) – and - Motion to Amend Findings (Rule 52(b)[.]" Doc. #56 at 1 (sic). The Court

has not entered an order closing this case, yet, as the title suggests, plaintiff "asks for a reversal of the order to close this matter and that the order is rescinded." Id. at 4. Because the Court has not ordered this case closed, the Court will not address this request.

The remainder of plaintiff's motion asks the Court to revisit its orders finding that, under the three strikes rule, plaintiff does not qualify for IFP status, and that he does not satisfy the "imminent danger" exception to that rule. Although plaintiff cites Rule 52(b), that provision applies only after a trial has been conducted and judgment has entered. See Fed. R. Civ. P. 52(b) (permitting a court to "amend its findings" "no later than 28 days after the entry of judgment[]"). The Court therefore construes the motion as a motion to reconsider.

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." Van Buskirk v. United Grp. of Cos. Inc., 935 F.3d 49, 54 (2d Cir. 2019). Such a motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. (citation and quotation marks omitted).

Motions for reconsideration shall not be routinely filed

>     and shall satisfy the strict standard applicable to such
>     motions. Such motions will generally be denied unless
>     the movant can point to controlling decisions or data
>     that the court overlooked in the initial decision or
>     order. In circumstances where such motions are
>     appropriate, they shall be filed and served within seven
>     (7) days of the filing of the decision or order from
>     which such relief is sought, and shall be accompanied by
>     a memorandum setting forth concisely the controlling
>     decisions or data the movant believes the Court
>     overlooked.

D. Conn. L. Civ. R. 7(c)(1).[2]

Plaintiff has pointed to no "controlling decisions or data that the court overlooked" in its prior rulings. Id. Plaintiff makes two substantive arguments. First, plaintiff contends that, "[t]o the best of his memory[,]" one of the cases relied upon by the Court as a "strike" should not be counted because plaintiff "opted to withdraw the complaint prior to any court intervention." Doc. #56 at 2. Plaintiff does not identify the case that he allegedly withdrew. However, the Court has reviewed the dockets of the three relevant cases, and has determined that plaintiff's claim is inaccurate.

The Court identified the following three cases as triggering the three strikes rule: Kaminski v. Colon, 3:18CV02099(SRU), 2019 WL 1258919 (D. Conn. Mar. 19, 2019)

---

[2] Plaintiff's motion is untimely under this Rule, whether construed as seeking reconsideration of the Court's July 18, 2022, Order regarding the imminent danger exception, or the Court's April 29, 2022, Order revoking IFP status. However, in light of plaintiff's incarceration and self-represented status, the Court considers the merits of the motion.

5

(dismissed with prejudice); Kaminski v. Semple, No. 3:19CV00143(SRU), 2019 WL 1454950 (D. Conn. Apr. 2, 2019) (dismissed without leave to amend), aff'd, 796 F. App'x 36 (2d Cir. 2019); Kaminski v. Oniyuke, 3:19CV00058(SRU), Doc. #15 (D. Conn. June 10, 2019) (dismissed with prejudice), appeal dismissed No. 19-2069 (2d Cir. Sept. 4, 2019). See Doc. #33 at 5. In each of these cases, the Court issued an Initial Review Order dismissing the action; plaintiff did not withdraw any of these three actions before dismissal.[3] This is not a basis for reconsideration.

Second, plaintiff asserts that "in one of those three federal filings" he "paid the full filing fee of $375.00 to the court, in small increments over nearly a year (a 20% deduction of incoming funds and funds earned in prison pay)." Doc. #56 at 2. Again, the Court has reviewed the dockets in the three cases identified above, and finds no indication that any portion of the filing fee in any of those cases was ever received by the Court. However, even if the fees had been paid, in full or in part, that would not alter the Court's decision.

When a prisoner plaintiff is granted IFP status, prepayment of the required fees is waived, but the plaintiff still owes the

---

[3] "The PLRA makes no provision for return of fees partially paid or for cancellation of the remaining indebtedness in the event that an [action] is withdrawn." Goins v. Decaro, 241 F.3d 260, 261 (2d Cir. 2001).

6

full filing fee:

> [I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner **shall be required to pay the full amount of a filing fee**. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of -- (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. §1915(b)(1) (emphasis added). In other words, being granted IFP status does not <u>eliminate</u> the filing fee, it simply <u>delays</u> the payment of it. Thus, payment of the fee does not undo or negate the award of IFP status. Furthermore, "whether Plaintiff paid the filing fee in a prior action is irrelevant to the question of whether the action qualifies as a strike for purposes of §1915(g)." <u>Massey v. Fischer</u>, No. 08CV06098(CM), 2010 WL 234999, at *3 (S.D.N.Y. Jan. 19, 2010). What matters is that plaintiff seeks to proceed IFP in <u>this</u> case.

Any payment of the fees that plaintiff owes as a result of filing his prior cases has no bearing on the Court's determination of whether he "has, on 3 or more prior occasions, while incarcerated ... brought an action ... that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," or whether he "is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).

7

### III. Conclusion

Plaintiff has not pointed to any "controlling decisions or data that the court overlooked in the initial decision[s]" revoking his IFP status and finding that he does not qualify for the imminent danger exception to the three strikes rule. D. Conn. L. Civ. R. 7(c)(1). Accordingly, plaintiff's motion for reconsideration is **DENIED**.

The deadline for plaintiff to pay the filing fee in this action is currently August 18, 2022. See Doc. #53. In light of the timing of this Ruling, the Court sua sponte extends the deadline for plaintiff to pay the fee.

**If plaintiff wishes to proceed with this action, he must pay the full filing fee of $402.00 by sending a bank check or money order made payable to the Clerk of Court to the Clerk's Office, 915 Lafayette Blvd., Bridgeport, CT, 06604, by September 7, 2022. The Court does not anticipate granting further extensions of this deadline.**

It is so ordered at Bridgeport, Connecticut, this 16th day of August, 2022.

                                                /s/
                                      HON. SARAH A. L. MERRIAM
                                      UNITED STATES DISTRICT JUDGE